J. M. MALLARD et al. v. J. L. PATTERSON, Adm'r. of ANN.
PATTERSON.

*Administration—Distribution—Creditor's Bill—Pleading.*

1. It is the duty of an administrator to pay all the debts against his
   intestate before he distributes any portion of the estate to the next
   of kin, provided such debts are presented to him for payment
   within twelve months next after publication of notice to credi-
   tors, as required by *The Code*, § 1421; but as against claims pre-
   sented after that period he will not be chargeable with any distri-
   bution he may have made, in good faith, to the next of kin.

2. It is discretionary with the Court to allow a pleading to be filed after
   the period within which it should have been filed, and to attach
   conditions or limitations to the matters which may be set up in
   such pleading.

This is a creditor's bill, instituted in the Superior Court of
IREDELL County, and heard upon exceptions to report before
*Bynum, J.,* at November Term, 1890.

It appears that Ann Patterson died intestate in the county
of Iredell before the 4th day of October, 1875, and on that
day the defendant was appointed and qualified as adminis-

trator of her estate, and gave notice to all persons having claims against the estate to exhibit the same to him within twelve months, etc., as required by the statute (*The Code*, § 1421).

The defendant brought an action against certain parties which was not determined until after the lapse of several years, and then adversely to him. In the meantime, he had failed to wind up and administer the estate in his hands according to law. Within twelve months next after he gave notice to creditors to present their claims, he paid to certain of the next of kin of the intestate considerable sums of money, on account of their respective distributive shares, and took their receipts for the same.

On the 3d of February, 1883, the plaintiffs brought this special proceeding in behalf of themselves and all other creditors of the said intestate to compel the defendant to an account of his administration and to pay the creditors what might be payable to them respectively. The defendant was duly served with a summons of the 19th of February, 1883. On the 3d of March, 1883, the plaintiffs filed their complaint alleging a cause of action and the indebtedness of the intestate to them respectively for divers sums of money. Thereupon the Clerk advertised for all creditors of the intestate to appear before him on or before the time designated and file evidence of their claims, etc. Afterwards, on the 9th of April, 1883, the defendant moved to dismiss the proceeding because the advertisement was not regular and was insufficient. The motion was denied, and fresh advertisement made. The defendant did not then answer the complaint, but the Court gave time to answer until the 21st of May, 1883.

Afterwards a further advertisement was made for creditors to present their claims on or before the 7th of September, 1889. Notice was also served upon the defendant to appear before the Clerk on the same day to exhibit, on oath, a list of all claims against his intestate's estate, &c. Afterwards,

on the 1st of October, 1889, upon affidavit filed, the defendant moved to be allowed to file his verified answer to the complaint. The complaint was verified when filed. An answer, unverified, was found among the papers, but when it was filed did not appear. After contention of the parties, the Clerk allowed the defendant to file an answer, in which he might "set up only meritorious pleas, to-wit, allowed him to set up only pleas of payment, counter claims, or sets-off which he might have," but he was not allowed to plead the statute of limitations. The defendant excepted.

Afterwards, the Clerk examined claims presented by creditors of the intestate, heard evidence, &c., &c., filed his report of account stated, &c. To this report the defendant filed divers exceptions which were not sustained. The Clerk gave judgment for the plaintiffs, and the defendant appealed to the Judge of the Court in term time.

The Court, in term time, overruled all the defendant's exceptions, found the facts to be as found by the Clerk, and affirmed his rulings and gave judgment upon the report for the plaintiffs, and the defendant, having excepted, appealed.

*Mr. W. M Robbins*, for plaintiffs.
*Messrs. Armfield & Turner* (by brief), for defendant.

MERRIMON, C..J.—after stating the case: This proceeding has been greatly delayed and neglected by the parties, particularly so by the defendant, and possibly to his prejudice in respects not remediable here. We can only deal with errors assigned, or such as appear upon the face of the record proper

The plaintiffs, in the orderly course of procedure, filed their verified complaint alleging sufficiently a cause of action. The defendant was allowed time to file his answer. This he did not do promptly. An answer appears among the papers—when this was placed among them does not appear—and it

108—17

was not verified. It was, therefore, no sufficient pleading, and could not be treated as such, certainly, in the face of objection. *Alford* v. *McCormac*, 90 N. C., 151. After the lapse of five years or more, the defendant asked to be allowed to verify this answer, or to file a new one properly verified. Clearly, he was not entitled to do so as of right, It was discretionary with the Court to allow or disallow his application, or grant the same wi h limitations. The Court allowed him to answer, alleging "meritorious" defences, but not to avail himself of the statute of limitations. This the Court might do, and its exercise of discretion in such respect is not reviewable in this Court.

The first four exceptions to the account stated by the Clerk relate to his refusal to allow the defendant credit for certain sums of money paid by him to certain of the next of kin of his intestate within twelve months next after his first publication of notice to creditors of his intestate to present their claims to him, &c.

Regularly, the administrator should pay all debts due creditors before he distributes the estate, or any part of it, to the next of kin of his intestate. He fails to do so at his peril, unless the claim was not presented to him until after the lapse of twelve months next after the first publication of notice given by him to creditors to present their claims as required by the statute (*The Code*, § 1421). In the latter case, in an action upon such claim, he will not be chargeable with such sums of money as he may have paid in satisfaction of distributive shares. The statute (*The Code*, § 1428) so expressly provides. In this case, not a single claim sued upon, or the subject of this proce ding, was, so far as appears, presented to the defendant within twelve months from the first publication of the general notice to creditors to present their claims to the defendant, and the sums of money paid by him to distributees were all paid years before this proceeding began. The statute just cited provides that, in such

case, "the executor, administrator, or collector, shall not be chargeable for any assets that he may have paid in satisfaction of any debts, legacies or distributive shares before such action was commenced." The purpose is to relieve administrators, executors and collectors from liability for assets they may pay or distribute to a person or persons entitled to have the same as to claims not presented within twelve months after the first publication of general notice to creditors, and as well to facilitate and encourage the prompt settlement of the estates of deceased persons.

It may be, that if an administrator should, with knowledge of existing debts against his intestate's estate, collusively so pay or distribute assets to creditors or distributees, he would not be relieved from liability as to debts not so presented, but, so far as we can see, no fraud or collusion is imputed to the defendant in this case. We are, therefore, of opinion that the defendant ought not to have been charged with the several sums of money he paid to the distributees.

We have examined the other exceptions, and think that they are without merit. It will serve no useful purpose to advert to them further.

There is error. The account must be corrected in accordance with this opinion, and the judgment accordingly modified, and, as so modified, affirmed.

Error.                                    Judgment modified.