PAUL R. ERVIN, EXECUTOR OF THE ESTATE OF CLEORA C. DOANE, DECEASED v. IVIE L. CLAYTON, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA

No. 49

(Filed 10 March 1971)

1. Executors and Administrators § 30; Taxation § 32— personal representative — intangibles tax

    The personal representative is responsible for the intangible personal property owned by the decedent and for the payment of intangibles tax thereon during the temporary period the intangibles are held and controlled by him in the course of his active administration of the estate.

2. Executors and Administrators § 30; Taxation § 32— intangibles tax — personal representative of resident decedent — property held for nonresident

    Portion of G.S. 105-212 which exempts from intangibles tax property held or controlled by a fiduciary domiciled in this State for the benefit of a nonresident does not apply to intangibles held or controlled by the personal representative of a resident decedent during the period such personal representative is engaged in the active administration of the estate in accordance with law.

    Justice MOORE did not participate in the consideration or decision of this case.

CROSS appeals by plaintiff and by defendant from the judgment entered by *Arbuckle, J.,* at February 2, 1970 Civil Session

of MECKLENBURG County District Court, transferred under G.S. 7A-31(a) for initial appellate review by the Supreme Court, docketed and argued as No. 72 at Fall Term 1970.

Civil action under G.S. 105-266.1(c) to recover the amount of intangible personal property taxes for the years 1964 and 1965 paid by the executor of Cleora C. Doane on corporate stocks held by him as executor on December 31, 1964, and on December 31, 1965.

Cleora C. Doane, a resident of Mecklenburg County, North Carolina, died testate on September 27, 1964. Her will was duly probated in Mecklenburg County. She appointed Paul R. Ervin, a resident of Mecklenburg County, as her executor. Mr. Ervin qualified as executor on September 28, 1964.

The hearing before Judge Arbuckle was on stipulated facts.

The provisions of Mrs. Doane's will, summarized or quoted, are set forth below.

Item One provides for the payment of debts, funeral expenses and taxes.

Item Two, quoted in full, is as follows:

"ITEM TWO: If, and only if, my daughter, Anne Doane Mack, survives me I will and bequeath to her the following:

"A. All of my household goods (not otherwise hereinafter disposed of) and personal effects, and any automobiles which I may own at the time of my death.

"B. One-half of all stocks and bonds, of whatever type and description and wherever located, that I may own at the time of my death. My said daughter shall have the right and privilege of choosing which stocks and bonds shall pass to her under the provisions of this Item; provided, however, that the value of the stocks and bonds included in my estate shall, for the purpose of this Item, be determined by their fair market value at the date of my death, and the quotation of any reputable securities brokerage firm shall be conclusive as to valuation.

"C. The residum (sic) of all money in banks not used in the administration of my estate, the payment of taxes thereupon or not otherwise disposed of herein."

Item Three provides for a bequest of $1,000.00 to Elizabeth Blair Memorial Scholarship Fund at Queens College.

Items Four and Five provide for bequests of sums of money and of articles of property to various persons *if, and only if,* her daughter, Anne Doane Mack, does not survive the testatrix.

Item Six contains the following quoted provisions:

"ITEM SIX: All of the rest, residue and remainder of my estate, I give, devise, and bequeath to the First Union National Bank of North Carolina as Trustee, in trust for the following uses and purposes and upon the following conditions:

"A. I direct my Trustee to hold the trust principal during a trust term to be measured as follows:

(1) If my daughter, Anne Doane Mack, survives me by as much as ten years, then in that event my trust shall terminate on the tenth anniversary of my death.

(2) If my daughter, Anne Doane Mack, does not survive me by as much as ten years, then in that event this Trust shall terminate on the date upon which the youngest child, either natural or adopted, of Anne Doane Mack, surviving me, lives to attain the age of 21 years or would have attained that age if such child dies during the trust term."

Other portions (B, C, D and E) of Item Six prescribed the authority and duty of the trustee in respect of (1) the disbursement of income, (2) the disbursement of corpus to meet emergency needs, (3) the investment of assets of the trust, and (4) the disbursement of the principal and accumulated income upon termination of the trust.

Item Seven contains the provisions by which the testatrix appointed Mr. Ervin as her executor.

Anne Doane Mack survived Cleora C. Doane. Mrs. Mack, throughout 1964 and 1965, "was not a resident or domiciliary of North Carolina."

Paul R. Ervin, as executor, filed North Carolina Intangibles Tax Returns for 1964 and 1965. In his 1964 return, he listed shares of corporate stocks having a taxable value of $261,254.34 as of December 31, 1964, and paid taxes thereon in the amount of $653.14. In his 1965 return, he reported shares of stock having a taxable value of $288,357.35 as of December 31, 1965, and paid taxes thereon of $720.89.

The shares of stock listed in these 1964 and 1965 returns were held by Paul R. Ervin as executor from Mrs. Doane's death

on September 27, 1964, until September, 1966, when one-half was delivered to Mrs. Mack under Item Two (B) and the remaining one-half was delivered to the First Union National Bank as trustee under Item Six.

From the time of his appointment as executor until the delivery of the shares in September, 1966, the estate of Cleora C. Doane was in the active process of administration by Paul R. Ervin, the executor thereof.

The record does not include the inventory, annual account(s) or final account, if any, filed by Paul R. Ervin as executor. The record does not show: (1) Whether the shares of stock listed on the executor's 1964 and 1965 intangibles returns were in excess of the shares delivered by the executor in September, 1966; (2) what dividends, if any, were received by the executor while the corporate stocks were held and controlled by him; (3) the distribution, if any, by the executor of dividends received by him on corporate stocks held and controlled by him prior to September, 1966; and (4) the income tax returns filed and income taxes paid in respect of income received by Mrs. Doane prior to September 27, 1964, and in respect of income received thereafter by the executor.

On August 23, 1967, Paul R. Ervin, as executor, filed with the North Carolina Department of Revenue a claim for a refund of the $653.14 and of the $720.89 he had paid as Intangible Personal Property Taxes for the years 1964 and 1965, respectively, asserting that "the Estate of Cleora C. Doane was exempt from intangible taxes in that the Executor held the assets of the Estate as a fiduciary domiciled in this State for the benefit of a non-resident beneficiary." After the initial refusal of the claim, the executor requested a hearing by defendant. In accordance with this request, the matter was heard by defendant on March 27, 1968, and again on April 18, 1968. On April 23, 1968, defendant entered a formal order "that refund of the intangibles tax paid by Paul R. Ervin, executor for the estate of Cleora C. Doane for the years 1964 and 1965 be refused."

It was stipulated that all necessary administrative procedures preliminary to the bringing of this action were complied with and that all parties were properly before the court.

As conclusions of law, Judge Arbuckle held (1) the one-half of the "stocks and bonds" bequeathed in Item Two (B) to Mrs.

Mack, a nonresident, were exempt from intangible personal property taxes for the years 1964 and 1965, and (2) that the remaining one-half, bequeathed in Item Six to a testamentary residuary trust, were not exempt therefrom.

In the judgment entered by Judge Arbuckle, it was ordered, adjudged and decreed that Paul R. Ervin, as executor of the estate of Cleora C. Doane, recover from defendant $326.57 (one-half of $653.14) with interest from April 5, 1965, *and* the sum of $360.45 (one-half of $720.89) with interest from April 12, 1966, and that each party pay one-half of the costs of the action.

Each party excepted to the portion of the judgment adverse to him and appealed therefrom; and, in this Court, each party has filed a brief as appellant and a separate brief as appellee.

*Ervin, Horack & McCartha, by James M. Talley, Jr., for plaintiff appellant-appellee.*

*Attorney General Morgan and Assistant Attorney General Banks for defendant appellant-appellee.*

BOBBITT, Chief Justice.

G.S. 105-212, in pertinent part, provides:

"If any intangible personal property held or controlled by a fiduciary domiciled in this State is so held or controlled for the benefit of a nonresident or nonresidents, or for the benefit of any organization exempt under this section from the tax imposed by this article, such intangible personal property shall be partially or wholly exempt from taxation under the provisions of this article in the ratio which the net income distributed or distributable to such nonresident, nonresidents or organization, derived from such intangible personal property during the calendar year for which the taxes levied by this article are imposed, bears to the entire net income derived from such intangible personal property during such calendar year. 'Net income' shall be deemed to have the same meaning that it has in the income tax article. Where the intangible personal property for which this exemption is claimed is held or controlled with other property as a unit, allocation of appropriate deductions from gross income shall be made to that part of the entire gross income which is derived from the intangible personal property by direct method to the extent practicable; and otherwise by such other method as the Commissioner of Revenue shall find to be reasonable:

Provided, that each fiduciary claiming the exemption provided in this paragraph shall, upon the request of the Commissioner of Revenue, establish in writing its claim to such exemption. No provision of law shall be construed as exempting trust funds or trust property from the taxes levied by this article except in the specific cases covered by this section."

The *stocks* here involved were owned by Cleora C. Doane on September 27, 1964, the date of her death. On December 31, 1964, and on December 31, 1965, her estate was being actively administered by her executor who, on those dates, held and controlled the stocks.

Nothing in the record indicates that Mrs. Mack exercised "the right and privilege of choosing which stocks and bonds" were to pass to her under Item Two (B) of Mrs. Doane's will prior to the actual division of the stocks by the executor in September, 1966. Then, as shown by the receipts, the executor delivered to Mrs. Mack and to the First Union National Bank as trustee an equal number of shares of each block of stock.

In *Allen v. Currie, Commissioner of Revenue,* 254 N.C. 636, 119 S.E. 2d 917, this Court considered whether intangibles of the estate of Samuel G. Allen were exempt from the tax imposed by G.S. 105-203. The testator and his widow, who qualified as co-executor of his will, were residents of Moore County, North Carolina. As co-executor, she filed returns and paid taxes on the intangibles held and controlled by her on December 31, 1956, and on December 31, 1957. She instituted the action to recover three-fourths of the amount of the intangibles taxes so paid, asserting that three-fourths of the gross estate of Samuel G. Allen, under the terms of his will, vested in and was distributable to nonresidents, and that the income received by the executors subsequent to the death of Samuel G. Allen had been so distributed. She based her asserted right to these refunds on the exemption provided in the quoted portion of G.S. 105-212.

In Allen, no *specific* property, tangible or intangible, was bequeathed to any of the nonresident beneficiaries. Each was entitled to a specified portion of the residue of the testator's estate. It was held that the exemption provided in the quoted portion of G.S. 105-212 "was not intended to apply, and does not apply, to intangibles constituting general assets held and controlled by an executor of an estate during the process of admin-

istration." Hence, the asserted right of the co-executor to recover for alleged overpayments was denied.

Seemingly, Judge Arbuckle considered the opinion in Allen indicated that a different result would have been reached if the nonresidents involved had been legatees of *specific intangibles*. It was not so intended. The *decision* was based on the quoted portion of G.S. 105-212 as related to the facts then under consideration. *Dicta* in the opinion adumbrated the present decision.

Under well established legal principles set forth in Allen, the personal property of the testatrix vested upon her death in her executor; and the fiduciary obligation of her executor was to pay her debts as provided by law and to administer her estate in compliance with the provisions of her will.

[1] The personal representative is responsible for the intangible personal property owned by the decedent and for the payment of intangibles tax thereon during the temporary period the intangibles are held and controlled by him in the course of his active administration of the estate. Here, pursuant to G.S. 105-206, the executor filed the required returns and paid the tax thereon.

G.S. 28-162 provides that an executor, administrator or collector, immediately after the expiration of two years from his qualification, shall divide, deliver and pay to the persons entitled thereto under the will all of the estate remaining after payment of legal debts, charges and disbursements. Here, the executor delivered the intangibles listed on the receipts to Mrs. Mack and to the First Union National Bank as trustee within two years from the date of his qualification. Nothing in the record indicates that any beneficiary demanded or was entitled to these intangibles prior to the delivery thereof by the executor.

Our decision on this appeal is not based on factual similarities or differences in Allen and in the present case. We deem it appropriate to decide whether the exemption provided in the quoted portion of G.S. 105-212 is available to any personal representative of a resident decedent in respect of intangibles held and controlled by him as such personal representative during the period he is engaged in the active administration of the estate in accordance with law.

The exemption was incorporated in the quoted portion of G.S. 105-212 in 1947. Session Laws of 1947, Chapter 501, Sec-

tion 7. It exempts intangible personal property held or controlled for the benefit of a nonresident or nonresidents by "a fiduciary *domiciled in this State.*" (Our italics.)

In our consideration thereof in Allen, it was stated: "In our view, the intent and purpose of the 1947 amendment was not to exempt any intangibles theretofore subject to the intangible personal property tax but to dispel any idea that intangibles otherwise exempt would be subject to the intangible personal property tax *because* a fiduciary domiciled in this State held and controlled such intangibles. Under its provisions, a resident or nonresident creator of a trust, consisting wholly or in part of intangibles, can name as fiduciary a person, bank or trust company domiciled in North Carolina with the assurance that the interests of nonresident beneficiaries of the trust will not suffer on account thereof. Moreover, we think the 1947 amendment was intended to apply to an established or continuing trust, not to intangibles constituting general assets of an estate in process of administration."

The fiduciary obligation of the personal representative of a decedent is distinguishable from that of the trustee (by whatever name called) of an established or continuing trust. An executor, as the resident decedent's personal representative, is obligated to administer the estate in accordance with law and the provisions of the will. As such personal representative, he must ascertain and pay the funeral expenses and debts, including inheritance and estate taxes as well as taxes on income received by the decedent prior to death and on income received by him as personal representative. Until this has been done, the status of intangibles constituting assets of the estate remains unsettled. What intangibles, if any, a particular beneficiary is entitled to receive cannot be determined with exactitude until the estate is ready for final settlement. As noted in Allen: "Ordinarily, distribution of assets or of income prior to final settlement is made by an executor at his own risk. *Mallard v. Patterson,* 108 N.C. 255, 13 S.E. 93."

[2] We are of opinion and now hold that the exemption from intangibles tax provided in the quoted portion of G.S. 105-212 does not apply to intangibles held and controlled by the personal representative of a resident decedent during the period such personal representative is engaged in the active administration of the estate in accordance with law. This decision renders un-

necessary a determination as to whether the "(o)ne-half of all stocks and bonds" owned by the testatrix at the time of her death, referred to in Item Two(B), are considered general assets of the estate or the subject of a specific bequest.

On account of the death of Paul R. Ervin during the pendency of these appeals, Benj. S. Horack, the duly qualified administrator c.t.a., d.b.n. of the estate of Cleora C. Doane, has been substituted and is now acting as party plaintiff herein.

Having reached the conclusion plaintiff is not entitled to any refund, the portion of the judgment which denies recovery for one-half of the amounts paid, involved in plaintiff's appeal, is affirmed, but the portion which allows recovery for one-half of the amounts paid, involved in defendant's appeal, is reversed. Hence, the District Court will enter a judgment in conformity with this decision and therein tax the plaintiff with all costs.

On plaintiff's appeal, affirmed.

On defendant's appeal, reversed.

Justice MOORE did not participate in the consideration or decision of this case.