HERMAN BLUMENTHAL, Executor of the Estate of I. D. Blumenthal, Deceased v. MARK G. LYNCH, Secretary of Revenue of the State of North Carolina

No. 8426SC291

(Filed 18 December 1984)

**Taxation §§ 22, 32— intangibles tax—exemption for charitable organization—inapplicability to executor**

An executor actively administering an estate is ineligible for the intangibles tax exemption under G.S. 105-212(4) with respect to "property held or controlled by a fiduciary . . . for the benefit of any organization exempt under this section" when the exempt organization is a beneficiary under decedent's will.

Judge Webb dissenting.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 27 December 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 27 November 1984.

I. D. Blumenthal died leaving a last will and testament which devised $100,000.00 to each of three sisters and the remainder to the Blumenthal Foundation for Charity, Religion, Education and Better Inter-Faith Relations (hereinafter "Foundation"), a foundation exempt from the intangibles tax. Plaintiff executor filed the intangibles tax return on behalf of the estate for the years 1978, 1979, and 1980, totalling $51,631.06, and after assessment, paid the tax under protest as required by G.S. 105-267. He sues for a refund.

Plaintiff found it advantageous to delay distribution to the Foundation until 1981 for tax reasons. At the time of filing suit, he had distributed to the Foundation all the assets, retaining $37,768.78 cash and his claim against the Secretary of Revenue, but had not filed his final account.

The trial court made findings of fact and conclusions of law, ruling that G.S. 105-212 does not provide an exemption from the intangibles tax to plaintiff. Judgment was entered for defendant. Plaintiff appeals.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Marilyn R. Rich for defendant appellee.*

*Parker, Poe, Thompson, Bernstein, Gage and Preston by H. Bryan Ives, III, for plaintiff appellant.*

HILL, Judge.

Plaintiff contends that as executor of the estate he is exempt from the intangibles tax after payment of the three $100,000.00 bequests under each of the following paragraphs of G.S. 105-212:

[1] None of the taxes levied in this Article or schedule shall apply to religious, educational, charitable or benevolent organizations not conducted for profit . . . .

. . .

[4] If any intangible personal property held or controlled by a fiduciary domiciled in this State is so held or controlled for the benefit of a nonresident or nonresidents, or for the benefit of any organization exempt under this section from the tax imposed by this Article, such intangible personal property shall be partially or wholly exempt from taxation and under the provisions of this Article in the ratio which the net income distributed or distributable to such nonresident, nonresidents or organization, derived from such intangible personal property during the calendar year for which the taxes levied by this Article are imposed, bears to the entire net income derived from such intangible personal property during such calendar year.

The parties stipulated to the findings of fact which the trial court adopted as its own. Based on the findings of fact the trial court made the following conclusions of law:

1. That the intangible personal property held or controlled by plaintiff, Herman Blumenthal, Executor of the Estate of I. D. Blumenthal, Deceased, is not "intangible personal property held or controlled . . . for the benefit of any organization exempt under this section from the tax imposed by this Article" within the meaning of G.S. 105-212.

2. That the said property does not qualify for the exemption from intangibles tax provided for in G.S. 105-212.

3. That plaintiff is not entitled to a refund of intangibles tax paid with respect to said property.

The trial judge's conclusions of law raise the following questions for consideration on appeal: (1) Is the fiduciary exemption con-

tained in the first paragraph of G.S. 105-212 applicable to exempt plaintiff from the intangibles tax? (2) Is the charitable exemption contained in the fourth paragraph of G.S. 105-212 applicable to exempt plaintiff from the intangibles tax?

We treat both questions simultaneously and hold that the trial court properly concluded as a matter of law that the executor of an estate is ineligible for the intangibles tax exemption with respect to "property held or controlled by a fiduciary . . . for the benefit of any organization exempt under this section," when the exempt organization is a beneficiary under decedent's will.

Two cases have arisen under this statute which we believe to be instructive. In *Allen v. Currie, Commissioner of Revenue*, 254 N.C. 636, 119 S.E. 2d 917 (1961), Justice Bobbitt (later Chief Justice) outlines the status of an executor and his duties together with the applicable law.

> While the estate was in process of administration, the executors held and controlled all assets of the estate for disbursement and distribution according to law and the provisions of the will without distinction as to the kind and character of the assets to be distributed to the widow or to the nonresident residuary beneficiaries upon final settlement. In short, the assets were in the hands of the executors in their capacity as the testator's personal representatives.
>
> . . .
>
> The ultimate question is whether the exemption provided in . . . G.S. 105-212 is available to plaintiff. This provision was incorporated in G.S. 105-212 in 1947 . . . . [W]e think the 1947 amendment was intended to apply to an established or continuing trust . . . . [T]he exemption was not intended to apply, and does not apply, to intangibles constituting general assets held and controlled by an executor of an estate during the process of administration.

*Id.* at 642-43, 119 S.E. 2d at 922-23.

In *Ervin v. Clayton, Comr. of Revenue*, 278 N.C. 219, 179 S.E. 2d 353 (1971), Chief Justice Bobbitt speaks again to the status of the personal representative and his responsibilities:

The fiduciary obligation of the personal representative of a decedent is distinguishable from that of the trustee (by whatever name called) of an established or continuing trust. An executor, as the resident decedent's personal representative, is obligated to administer the estate in accordance with law and the provisions of the will. As such personal representative, he must ascertain and pay the funeral expenses and debts, including inheritance and estate taxes as well as taxes on income received by the decedent prior to death and on income received by him as personal representative. Until this has been done, the status of intangibles constituting assets of the estate remains unsettled. What intangibles, if any, a particular beneficiary is entitled to receive cannot be determined with exactitude until the estate is ready for final settlement.

. . .

We are of opinion and now hold that the exemption from intangibles tax provided in ... . G.S. 105-212 does not apply to intangibles held and controlled by the personal representative of a resident decedent during the period such personal representative is engaged in the active administration of the estate in accordance with law.

*Id.* at 226, 179 S.E. 2d at 357.

Although plaintiff contends he has completed the administration of the estate except for cash on hand and his claim against the State, the very presence of these intangibles along with this lawsuit is evidence the estate is being actively administered according to law. The fiduciary exemption contained in G.S. 105-212 does not apply to executors actively administering an estate. If an inequity exists, it should be addressed to the sound judgment of the Legislature.

The arguments presented by plaintiff are misplaced. We conclude the trial judge was correct. His decision is

Affirmed.

Judge HEDRICK concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. I believe that under the plain words of the statute the assets held by the executor were held for the benefit of an exempt organization and were not subject to intangibles tax. The cases relied upon by the majority involve estates which had not been administered to the extent that all the assets were being held for an exempt organization. That is a distinction between them and this case which I believe makes them inapplicable.