HERMAN BLUMENTHAL, EXECUTOR OF THE ESTATE OF I. D. BLUMENTHAL, DECEASED v. MARK G. LYNCH, SECRETARY OF REVENUE OF THE STATE OF NORTH CAROLINA

No. 20A85

(Filed 18 February 1986)

1. **Appeal and Error § 2— appeal based on dissent in Court of Appeals—only issues addressed by dissent reviewable**

     In an appeal of right to the Supreme Court under N.C.G.S. § 7A-30(2) because of a dissent in the Court of Appeals, only the issue addressed by the dissenting opinion is properly before the Supreme Court for review. App. Rule 16(b).

2. **Appeal and Error § 5— authority of Supreme Court to suspend rules**

     When issues of importance which are frequently presented to state agencies and the courts require a decision in the public interest, the Supreme Court will exercise its inherent residual power to suspend or vary operation of its published rules or its authority under Rule 2 of the North Carolina Rules of Appellate Procedure and address those issues though they are not properly raised on appeal.

3. **Taxation §§ 22, 32— intangibles tax—exemption for charitable organization— inapplicability to executor individually or to estate**

Plaintiff executor is not eligible for an exemption from the intangibles tax with respect to the property he holds as executor on the ground that he himself, as executor, is a charitable organization as described in the first paragraph of N.C.G.S. § 105-212. Nor is the estate itself a charitable organization entitled to an exemption from the intangibles tax.

4. **Taxation § 32— ·intangibles tax—fiduciary exemption inapplicable to assets held by executor**

The fiduciary exemption of N.C.G.S. § 105-212(3) is unavailable with respect to intangibles held and controlled by any personal representative of a resident decedent at any time during administration of the estate.

5. **Taxation § 32— intangibles tax—stock subject to buy-back agreement—not taxable as accounts receivable**

Corporate stock held by an executor was not taxable for intangibles tax purposes as accounts receivable because it was subject to a buy-back agreement between decedent and the issuing company.

Justice BILLINGS did not participate in the consideration or decision of this case.

ON appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals reported at 72 N.C. App. 55, 323 S.E. 2d 423 (1984), affirming the judgment of *Snepp, J.*, entered at the 12 December 1983 Administrative Session of Superior Court, MECKLENBURG County, denying plaintiff-executor's claim for refund of intangibles tax and entering judgment for the defendant Secretary of Revenue.

*Parker, Poe, Thompson, Bernstein, Gage and Preston, by H. Bryan Ives, III, for plaintiff-appellant.*

*Lacy H. Thornburg, Attorney General, by Marilyn R. Rich, Assistant Attorney General, for defendant-appellee.*

MEYER, Justice.

Plaintiff is the executor of the estate of I. D. Blumenthal who died testate, a resident of North Carolina, on 6 December 1978. On 4 April 1981, plaintiff filed with the Secretary of Revenue intangibles personal property tax returns for the years 1978, 1979, and 1980. Said returns were filed under protest and without remittance of the tax. On 7 May 1981, the Secretary of Revenue issued notices of tax assessment for unpaid intangibles tax, in-

terest, and penalties. Plaintiff-executor timely protested the assessment, and a hearing was held on 9 September 1981 before the Secretary, who thereafter on 16 October 1981 issued his "Final Decision" waiving the penalty but sustaining the balance of the assessment as follows:

| For the year — | 1978 | $14,314.25 |
|---|---|---|
|  | 1979 | 14,606.06 |
|  | 1980 | 22,710.75 |
| Total |  | $51,631.06 |

Plaintiff-executor paid the foregoing amount and filed his complaint in the present civil action pursuant to N.C.G.S. § 105-267 for a refund under N.C.G.S. §§ 105-241.4 and 105-267. The case came on for trial before Snepp, J., who found the facts to be as stipulated by the parties and concluded as a matter of law that plaintiff-executor was not entitled to a refund of the intangibles tax or the interest thereon and entered judgment in favor of the Secretary of Revenue on 27 December 1983. Plaintiff-executor gave notice of appeal, and on 18 December 1984, the Court of Appeals filed its decision, one judge dissenting, affirming Judge Snepp's judgment in favor of the Secretary of Revenue. For the reasons set forth herein, we affirm the decision of the Court of Appeals.

I. D. Blumenthal (the "decedent") was the founder and principal shareholder of Radiator Specialty Company. Earlier in his lifetime, decedent had established the Blumenthal Foundation for Charity, Religion, Education and Better Interfaith Relations (hereinafter the "Foundation"), a private, charitable foundation under federal tax law and exempt from North Carolina intangibles tax. At his death, his estate was valued at approximately $8.6 million, $6.8 million of which represented the value of decedent's stock in Radiator Specialty Company (hereinafter "Radiator") and its Canadian subsidiary (hereinafter "Canada Radiator").

In his will, decedent bequeathed to his three sisters $100,000 each in cash and the remainder of his estate to the Foundation. Plaintiff, who is a brother of the decedent and who is a trustee of the Foundation and an officer of both Radiator and Canada Radiator, qualified as executor of the estate on 20 December 1978. The executor paid the cash bequests to the sisters on 11 January

1979, and after that date all distributions from the estate have been to the Foundation.

Keeping in mind that the plaintiff qualified as executor on 20 December 1978 and that the estate remains open to the present time, it is important to note that the major portion of the tax and interest assessed by the Secretary of Revenue (hereinafter "Secretary") was a result of the executor's holding the stock of Radiator and Canada Radiator on December 31 of 1978, 1979, and 1980.

Plaintiff found it advantageous for tax reasons to delay distribution to the Foundation until 1981 as he explains in his brief before this Court as follows:

> In addition to the typical duties of an executor, the plaintiff had to deal with stock in the two closely-held corporations. The problem was compounded because the Foundation was the major beneficiary under the decedent's will and codicil.
>
> The Foundation is a private charitable foundation under federal tax law. As such it would have incurred federal excise tax from holding the stock of Radiator or the stock of Canada [Radiator] bequeathed to it by reason of the "excess business holdings" provision of IRC § 4943. Therefore, either the Foundation had to dispose of the stock or the Estate had to dispose of the stock before it got to the Foundation. As is usual with closely-held securities, each company itself was the best market for the stock. Indeed, the Decedent had anticipated this as to Radiator and had provided by contract for a sale of the Radiator stock, following receipt of a favorable private letter ruling from the IRS. In addition, absent a favorable ruling, such sales to the companies could themselves trigger federal excise tax to the Foundation under IRC § 4941 as prohibited acts of self-dealing. Moreover, only by effecting the sales by the Estate could they be structured as installment sales under applicable Internal Revenue regulations. . . .
>
> As a result of the tax issues encountered, plaintiff acting on advice from the attorneys for the Estate, Foundation and the two companies, decided to hold the stock as executor, re-

Blumenthal v. Lynch, Sec. of Revenue

quest private letter rulings from the IRS on the tax issues, sell the stock to the companies after receipt of the rulings, and distribute the proceeds of sale to the Foundation. Although the plaintiff received federal estate tax and North Carolina inheritance tax clearances in June and July, 1980 and although estates are typically closed after receipt of such clearances, the ruling and sales process described above was not completed until August 17, 1981. By that time, however, the Secretary of Revenue had raised his claim that the plaintiff, as Executor of the Estate, was liable for North Carolina intangibles tax for 1978, 1979 and 1980. The bulk of the tax and interest (approximately 85%) was assessed by the Secretary as a result of the plaintiff's holding, as executor, the stock of the two companies on December 31, 1978, December 31, 1979, and December 31, 1980. . . . The plaintiff, as executor, paid the $51,631.06 intangibles tax and interest on November 13, 1981, as required by law, G.S. 105-267, in order to pursue in court his contention that he was not liable for the tax. Plaintiff, as Executor, distributed prior to November 30, 1981, all the remaining Estate assets, less cash of $37,768.78, the claim against the Secretary of Revenue and certain other nominal assets, to the Foundation as the sole remaining beneficiary of the Estate. As of the date of trial, the Executor had not filed his final account with Clerk of Superior Court.

(Record page citations omitted; footnote omitted.)

Plaintiff has steadfastly contended that, as executor of the estate, he is exempt from the intangibles tax (after payment of the three $100,000 bequests) under each of the following paragraphs of N.C.G.S. § 105-212 as they appear in the current version of the statute:[1]

[(1)] None of the taxes levied in this Article or schedule shall apply to religious, educational, charitable or benevolent organizations not conducted for profit . . . .

. . . .

---

1. N.C.G.S. § 105-212 has been amended several times since the tax years in question, but the revisions do not affect the parts of the statute pertinent to the case at bar except for the fact that the paragraphing is changed and the pertinent provisions of the paragraph referred to herein as the third paragraph (in the current version) formerly appeared in the fourth paragraph of the statute.

[(3)] If any intangible personal property held or controlled by a fiduciary domiciled in this State is so held or controlled for the benefit of a nonresident or nonresidents, or for the benefit of any organization exempt under this section for the tax imposed by this Article, such intangible personal property shall be partially or wholly exempt from taxation and under the provisions of this Article in the ratio which the net income distributed or distributable to such nonresident, nonresidents or organization, derived from such intangible personal property during the calendar year for which the taxes levied by this Article are imposed, bears to the entire net income derived from such intangible personal property during such calendar year.

The parties stipulated to the findings of fact which the trial court adopted as its own. Based on the findings of fact, the trial court made the following conclusions of law:

1. That the intangible personal property held or controlled by plaintiff, Herman Blumenthal, Executor of the Estate of I. D. Blementhal [sic], Deceased, is not "intangible personal property held or controlled . . . for the benefit of any organization exempt under this section from the tax imposed by this Article" within the meaning of GS 105-212.

2. That the said property does not qualify for the exemption from intangibles tax provided for in GS 105-212.

3. That plaintiff is not entitled to a refund of intangibles tax paid with respect to said property; [sic]

The trial judge's conclusions of law raised the following questions for consideration on appeal: (1) Is the "charitable exemption" contained in the first paragraph of N.C.G.S. § 105-212 applicable to exempt plaintiff from the intangibles tax? (2) Is the "fiduciary exemption" contained in the third paragraph of N.C.G.S. § 105-212 applicable to exempt plaintiff from the intangibles tax?

The Court of Appeals treated both questions simultaneously and held that the trial court properly concluded as a matter of law that the executor of an estate is ineligible for the intangibles tax exemption with respect to "property held or controlled by a fiduciary . . . for the benefit of any organization exempt under

this section," when the exempt organization is a beneficiary under decedent's will.

The dissenting opinion filed in the Court of Appeals is confined to the single issue of whether the assets held by the plaintiff-executor were held or controlled for the benefit of the exempt charitable foundation and were thus not subject to intangibles tax. In addition to this issue, plaintiff's brief discusses several issues not addressed in the dissent. Plaintiff argues first that he is eligible for an exemption from intangibles tax with respect to the property he held as executor on grounds that he himself, as executor, is a charitable organization as described in the first paragraph of N.C.G.S. § 105-212. Plaintiff also asserts that corporate stock which he held as executor was not corporate stock at all, but rather an account receivable because it was subject to a buy-back agreement between the decedent and the issuing company.

Plaintiff seeks review of these issues under N.C.G.S. § 7A-30 (2), which provides that "an appeal lies of right to the Supreme Court from any decision of the Court of Appeals rendered in a case . . . [i]n which there is a dissent."

[1, 2] Although plaintiff is clearly entitled to bring an appeal by the terms of N.C.G.S. § 7A-30(2), only the issue raised in the dissent is properly before this Court for review. Rule 16 of the North Carolina Rules of Appellate Procedure defines the permissible scope of review in cases such as this:

> (a) *How Determined.* Review by the Supreme Court after a determination by the Court of Appeals, whether by appeal of right or by discretionary review, is to determine whether there is error of law in the decision of the Court of Appeals. . . .

> (b) *Scope of Review in Appeal Based Solely Upon Dissent.* Where the sole ground of the appeal of right is the existence of a dissent in the Court of Appeals, review by the Supreme Court is limited to a consideration of those issues which are specifically set out in the dissenting opinion as the basis for that dissent . . . .

This Court's appellate review is properly limited to the single issue addressed in the dissent, and we strongly disapprove of and

discourage attempts by appellate counsel to bring additional issues before this Court without its appropriate order allowing counsel's motion to allow review of additional issues. Nevertheless, on rare occasions, when, as here, issues of importance which are frequently presented to state agencies and the courts require a decision in the public interest, this Court will exercise its inherent residual power or its authority under Rule 2 of the North Carolina Rules of Appellate Procedure and address those issues though they are not properly raised on appeal. As noted in the commentary to Rule 2, this residual power to suspend or vary operation of our published rules does not depend on express reservation by this Court in its body of rules but is included in the rules as a reminder to counsel that the power does exist and may be drawn upon where the justice of doing so or the injustice of failing to do so appears manifest to the Court. Commentary to Rule 2, N.C.R. App. P. Because these additional issues arise frequently in the administration of estates and must often be determined by the Department of Revenue and because they have been fully briefed by the parties to this action, we elect to address them at this time.

[3] We first address plaintiff-executor's contention that he, as executor, is exempt from intangibles tax under the charitable exemption, the fiduciary exemption, or both. Plaintiff argues alternatively (1) that he, individually, in his capacity as executor, is a charitable organization; (2) that the estate as an entity is a charitable organization; and (3) that the estate as an entity is a religious, educational, charitable, or benevolent organization. We speak to each argument seriatum.

The plaintiff is an individual, albeit an individual acting in the fiduciary capacity of an executor. It is the individual as executor, not the estate, who controls and indeed holds title to the tangible personal property. Though it is the estate's assets and not the personal assets of the executor himself that are subject to tax, it is the executor who is charged with the duty and responsibility of paying the intangibles tax. N.C.G.S. § 105-207 provides as follows:

§ 105-207. *Fiduciaries to pay taxes.*

It shall be the duty of every guardian, executor, administrator with the will annexed, agent, trustee, receiver, or oth-

er fiduciary in whose care or control any property or estate, real or personal, may be, to pay the taxes thereon out of the trust funds in his hands, if any there be; and if he fails so to do he shall become personally liable for such taxes, and such liability may be enforced by an action against him in the name of the sheriff. If he permit such property to be sold by reason of his negligence to pay the taxes when he has funds in hand, he shall be liable to his ward, principal, or cestui que trust for all actual damages incident to such neglect. This section shall not have the effect of relieving the estates held in trust or under the control of fiduciaries from the lien of such taxes.

To be covered by the charitable exemption, the party must be an "organization." An executor is not an "organization," much less a "charitable organization" entitled to exemption under the first paragraph of N.C.G.S. § 105-212.

Plaintiff argues that our analysis should focus on the estate as an entity and not on him as fiduciary as being a "charitable organization" entitled to exemption. He cites us to I.R.C. § 482 (1984), and Treas. Reg. § 1.482-1(a) (1985) for the proposition that the term "organization" includes an estate. These regulations construe federal income tax law and are irrelevant to our inquiry here. For the proposition at hand, an estate is not an entity in and of itself.

> The estate of a deceased person is not an entity known to the law, and is not a natural or an artificial person, but is merely a name to indicate the sum total of assets and liabilities of a decedent.

33 C.J.S. Executors and Administrators § 3(e) (1942).

Plaintiff argues that the estate is a charitable organization for state intangibles tax purposes because it meets the requirements for exemption from federal income tax under I.R.C. § 501(c)(3) (1984), which provision, according to plaintiff, is the source of the language found in the first paragraph of N.C.G.S. § 105-212. Here again, the federal statute has no bearing whatever upon liability for the tax which is the subject of this lawsuit. Just as plaintiff-executor is not himself a charitable organization, his undertaking, i.e., winding up the affairs of his

decedent and effecting transfer of assets to those entitled to receive them, is not a charitable undertaking.

For the same reasons that the estate itself is not a charitable organization, it is not itself a religious, educational, or benevolent organization.

Plaintiff-executor is entitled to no relief under either provision of N.C.G.S. § 105-212.

[4] We next address the only issue which was discussed in the dissenting opinion in the Court of Appeals: whether the Court of Appeals erred in affirming the trial judge's conclusion that, as a matter of law, the assets held by the executor were not held or controlled for the benefit of any organization exempt from intangibles tax within the meaning of the N.C.G.S. § 105-212 "fiduciary exemption." The dissent below distinguished the present case from the cases relied on by the majority and subsequently discussed herein on the basis that those cases involved estates which had not been administered to the extent that all the remaining "assets were being held for an exempt organization" — the obvious rationale of the dissent being that there comes a point in time when administration of the estate is sufficiently completed that all remaining assets may be said to be held for the benefit of beneficiaries and that where those beneficiaries are nonresidents or, as here, charitable organizations, the remaining intangible property will be exempt from taxation under the "fiduciary exemption" of the third paragraph of N.C.G.S. § 105-212.

The Secretary of Revenue contends, and properly so, that the period of administration of an estate is indivisible for intangibles tax purposes and that the fiduciary exemption is unavailable to the personal representative of a decedent's estate at any time. In adopting this interpretation of the statute, the trial court and the Court of Appeals followed the precedents of two previous decisions of this Court. Though these two cases involved nonresident beneficiaries, the principle is the same whether the property is held or controlled "for the benefit of a nonresident or nonresidents, or for the benefit of any organization exempt under this section for the tax imposed by this Article." N.C.G.S. § 105-212 (1985).

In *Allen v. Currie, Commissioner of Revenue*, 254 N.C. 636, 119 S.E. 2d 917 (1961), a resident decedent left his realty and one-

fourth of his adjusted gross estate to his wife and left the residue, after payment of taxes and certain specific pecuniary bequests, to six nonresident beneficiaries. The executor paid the tax but demanded a refund of three-fourths of the amount paid on the theory that three-fourths of the gross estate was distributable to nonresidents and that the income had been distributed in accordance with that formula, thereby exempting three-fourths of the estate assets under the statutory exclusion provision. The underlying question, of course, is whether the executor held assets for the benefit of those nonresident beneficiaries. This Court was required to analyze the role of the executor of a decedent's estate:

> The status of an executor is well stated in 21 Am. Jur., Executors and Administrators § 8, as follows: "While a personal representative of a decedent stands in the place of, and is regarded as, the representative of the deceased person for the purpose of settling his business affairs and distributing his estate, in reality he serves in a dual capacity, occupying also the position of trustee for the persons beneficially interested in the estate. Such persons are generally the creditors and the heirs of the decedent, those designated in the will as legatees or devisees, and, in the default of beneficiaries taking under the will, those entitled to the estate under the statute of distributions. After all claims have been paid, the representative remains as a trustee for the beneficiaries of the estate."

*Id.* at 640, 119 S.E. 2d at 920-21.

The holding of the case, however, makes it clear that it is only the executor's role as the decedent's personal representative which is significant:

> While the estate was in process of administration, the executors held and controlled all assets of the estate for disbursement and distribution according to law and the provisions of the will without distinction as to the kind and character of the assets to be distributed to the widow or to the nonresident residuary beneficiaries upon final settlement. In short, the assets were in the hands of the executors in their capacity as the testator's personal representatives. . . .

. . . .

The ultimate question is whether the exemption provided in the quoted portion of G.S. 105-212 is available to plaintiff. This provision was incorporated in G.S. 105-212 in 1947.
. . .

. . . [W]e think the 1947 amendment was intended to apply to an established or continuing trust . . . .

. . . [T]he exemption was not intended to apply, and does not apply, to intangibles constituting general assets held and controlled by an executor of an estate during the process of administration.

*Id.* at 642-43, 119 S.E. 2d at 922-23.

In *Ervin v. Clayton, Comr. of Revenue*, 278 N.C. 219, 179 S.E. 2d 353 (1971), a resident decedent bequeathed to her nonresident daughter half her stocks and bonds and all of her bank deposits not consumed in the administration of the estate, plus an interest in a residuary trust, the provisions of which were not detailed in the opinion. The executor paid intangibles tax for the years 1964 and 1965 but later filed for a refund, "asserting that 'the Estate of Cleora C. Doane was exempt from intangibles taxes in that the Executor held the assets of the Estate as a fiduciary domiciled in this State for the benefit of a nonresident beneficiary.' " *Id.* at 222, 179 S.E. 2d at 355. This Court was again asked to speak to this issue. The holding in *Ervin* is in accord with *Allen*:

The fiduciary obligation of the personal representative of a decedent is distinguishable from that of the trustee (by whatever named called) of an established or continuing trust. An executor, as the resident decedent's personal representative, is obligated to administer the estate in accordance with law and the provisions of the will. As such personal representative, he must ascertain and pay the funeral expenses and debts, including inheritance and estate taxes as well as taxes on income received by the decedent prior to death and on income received by him as personal representative. Until this has been done, the status of intangibles constituting assets of the estate remains unsettled. What intangibles, if any, a particular beneficiary is entitled to receive cannot be determined with exactitude until the estate is ready for final settlement. As noted in *Allen*: "Ordinarily, distribution of

assets or of income prior to final settlement is made by an executor at his own risk. *Mallard v. Patterson*, 108 N.C. 255, 13 S.E. 93 [1891]."

We are of opinion and now hold that the exemption from intangibles tax provided in the quoted portion of G.S. 105-212 does not apply to intangibles held and controlled by the personal representative of a resident decedent during the period such personal representative is engaged in the active administration of the estate in accordance with law.

*Id.* at 226, 179 S.E. 2d at 357.

The opinion of this Court in *Ervin* was obviously intended to decide the principle and was not intended to be restricted to the particular facts presented:

Our decision on this appeal is not based on factual similarities or differences in *Allen* and in the present case. We deem it appropriate to decide whether the exemption provided in the quoted portion of G.S. 105-212 is available to any personal representative of a resident decedent in respect of intangibles held and controlled by him as such personal representative during the period he is engaged in the active administration of the estate in accordance with law.

*Id.* at 225, 179 S.E. 2d at 357.

In 1976, the Secretary of Revenue adopted an equally unequivocal regulation:

.1505 DOMESTIC TRUSTS FOR NONRESIDENTS OR EXEMPT ORGANIZATIONS

If any intangible personal property is held or controlled by a resident fiduciary for the benefit of a nonresident or nonresidents, or for the benefit of any organization exempt from intangibles tax, such intangible personal property shall be partially or wholly exempt from taxation in the ratio which the net income distributed or distributable to such nonresident, nonresidents or organization, derived from such intangible personal property during the calendar year for which intangibles taxes are imposed, bears to the entire net income derived from such intangible personal property dur-

ing such calendar year. This exemption does not apply to executors and administrators of estates.

17 NCAC 8 .1505 (1 February 1976) (later amended on 1 November 1984 to number the above paragraph as subsection (a) and to change "resident fiduciary" to "resident trustee").

We reject plaintiff's argument that if an executor is a fiduciary under N.C.G.S. §§ 105-206 and 105-207 relating to the filing of returns and the payment of tax, then every provision in the intangibles tax article which speaks of fiduciaries must be construed to apply to executors, no matter how tortured a construction would result.

Though, as the dissent below points out, in neither *Allen* nor *Ervin* had the estate been administered to the extent of the one here, we interpret the language of our opinions in those cases to mean that the fiduciary exemption of the third paragraph of N.C.G.S. § 105-212 is unavailable in respect of intangibles held and controlled by *any* personal representative of a resident decedent at *any* time during administration of the estate. The fiduciary exemption simply has no application to a decedent's estate in the process of administration.

We also reject plaintiff's argument that if the assets in the hands of the executor are not totally exempt from the time of the decedent's death, they became exempt either (1) when the Foundation became the only remaining beneficiary not to have received its distribution or (2) when the taxes and debts were paid. Plaintiff's theory is that at those points in time, the administration of the estate became "passive" as opposed to "active" and thus divisible into nonexempt and exempt periods. This is obviously based on the numerous references in *Ervin* to "active administration." *Ervin* does not hold, and there is no basis in fact or in law for severing the administration of estates into "active" and "passive" phases. As previously noted in this opinion, the period of administration is indivisible for intangibles tax purposes. Even if we accepted plaintiff's argument in this regard, as the majority below recognized, plaintiff-executor had not been discharged from his duties as of December 31 of the years in question. The Secretary's brief suggests that plaintiff-executor has not yet been discharged and continues even now to actively administer the remaining assets of the estate, file accounts, pay expenses, collect

income, and indeed prosecute this lawsuit, and thus is still engaged in active administration.

[5] Finally, plaintiff-executor argues that the shares of corporate stock of Radiator and Canada Radiator which comprised the bulk of his testator's estate and which were held by the estate on December 31 of each of the pertinent years were taxable not as shares of stock but as accounts receivable since they were subject to a buy-back agreement between the decedent and the issuing corporation. This contention was raised for the first time on the appeal to this Court and thus was not addressed in either the majority or dissenting opinions below. This argument lacks merit. Suffice it to say that at all times the plaintiff-executor held the shares of corporate stock, there had been no sale back to the corporations and, as executor, plaintiff was liable for intangibles tax on all stock held by him.

Plaintiff-executor argues that our "holdings" in *Allen* and *Ervin* "are clearly erroneous" and urges us to overrule those cases. We decline the opportunity to do so and by our decision in the case at bar reaffirm our holdings in those cases. The plaintiff suggests that our legislature, "[h]aving provided that executors of estates the assets of which are to be distributed to charity do not have to pay North Carolina income tax or North Carolina estate tax and that property held by those executors is not subject to North Carolina inheritance tax," could not have intended to exact an intangibles tax, particularly given the similarity of the "charitable language" in N.C.G.S. § 105-212 and the statutes governing these other taxes. If the decisions in *Allen, Ervin,* and the case at bar do not correctly interpret the intent of our legislature in enacting N.C.G.S. § 105-212, that body may address the question.

The decision of the Court of Appeals is

Affirmed.

Justice BILLINGS did not participate in the consideration or decision of this case.