IN THE SUPREME COURT OF NORTH CAROLINA

No. 252PA14-2

Filed 9 June 2017

STATE OF NORTH CAROLINA

v.

THOMAS CRAIG CAMPBELL

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 777 S.E.2d 525 (2015), finding no error in part, but vacating in part and remanding a judgment entered on 12 June 2013 by Judge Linwood O. Foust in Superior Court, Cleveland County, after the Supreme Court of North Carolina reversed and remanded the Court of Appeals' prior decision in this case, *State v. Campbell*, 234 N.C. App. 551, 759 S.E.2d 380 (2014). Heard in the Supreme Court on 20 March 2017.

*Joshua H. Stein, Attorney General, by Teresa M. Postell, Assistant Attorney General, for the State-appellant.*

*Glenn Gerding, Appellate Defender, by Hannah Hall Love, Assistant Appellate Defender, for defendant-appellee.*

MORGAN, Justice.

This is the second time that this case has made its way to this Court, and yet our resolution of the present appeal does not represent a final ruling on the merits. Instead, for the reasons discussed herein, we reverse and remand this case to the Court of Appeals for an independent assessment of whether that court need and

should invoke its discretion under Rule 2 of the North Carolina Rules of Appellate Procedure in order to reach the merits of one of defendant's substantive issues on appeal.

In light of the several previous opinions from this Court and the Court of Appeals in this matter, we will not recount the factual background of this case in detail. The evidence at trial tended to show the following: Overnight on 15 August 2012, certain sound equipment disappeared from Manna Baptist Church in Shelby, North Carolina, and defendant's wallet was found in the area of the church near where some of the missing equipment was kept. Defendant testified that, in the throes of a personal crisis, he entered the unlocked church seeking comfort and sanctuary, spent the night there praying and sleeping, and left the following morning without taking anything except some water. After defendant left the church, he experienced symptoms that led him to believe he was having a heart attack, so he called for emergency services. The emergency medical technician (EMT) who responded to defendant's call for help testified that defendant did not have any sound equipment with him when the EMT arrived. Nonetheless, defendant was subsequently indicted for (1) breaking or entering a place of religious worship with intent to commit a larceny therein and (2) larceny after breaking or entering.

The procedural history of this case warrants lengthier review. The matter came on for trial at the 10 June 2013 session of Superior Court, Cleveland County, the Honorable Linwood O. Foust, Judge presiding. Defendant moved to dismiss the

charges against him at the close of the State's evidence and again at the close of all the evidence. The trial court denied each motion, and the jury returned guilty verdicts on both charges. Defendant appealed, making six arguments of error. The Court of Appeals addressed only two of defendant's contentions, but vacated his larceny conviction and reversed his conviction for breaking or entering. *See State v. Campbell*, 234 N.C. App. 551, 759 S.E.2d 380 (2014), *rev'd and remanded*, 368 N.C. 83, 772 S.E.2d 440 (2015). The bases for the Court of Appeals' holdings were its determinations that: (1) when a larceny "indictment alleges multiple owners, one of whom is not a natural person, failure to allege that such an owner has the ability to own property is fatal to the indictment," such that the larceny indictment was "fatally flawed" for failing to "allege that Manna Baptist Church is a legal entity capable of owning property;" and (2) the State presented insufficient evidence of an essential element of felony breaking or entering a place of worship, to wit: intent to commit larceny. *Id.* at 555-56, 759 S.E.2d at 384. This Court allowed the State's first petition for discretionary review. *See State v. Campbell*, 367 N.C. 792, 766 S.E.2d 635 (2014).

In that initial appeal, this Court held

> that the larceny indictment alleging ownership of stolen property of Manna Baptist Church sufficiently alleged ownership in a legal entity capable of owning property[,] . . . . that the State presented sufficient evidence of defendant's criminal intent to sustain a conviction for felony breaking or entering a place of religious worship, and [thus] the trial court properly denied defendant's motions to dismiss.

-3-

*State v. Campbell*, 368 N.C. 83, 88, 772 S.E.2d 440, 444-45 (2015). Accordingly, we reversed the decision below and remanded the case to the Court of Appeals for consideration of defendant's four remaining issues on appeal. *Id.* at 88, 772 S.E.2d at 445.

Defendant's remaining issues were that

> he was deprived of effective assistance of counsel, because his counsel failed to object to the admission of evidence that defendant had committed a separate breaking or entering offense; [that] the trial court erred in failing to dismiss the larceny charge due to a fatal variance as to the ownership of the property; [that] insufficient evidence supports his larceny conviction; and [that] the trial court violated his constitutional right to a unanimous jury verdict with respect to the larceny charge.

*See State v. Campbell*, ___ N.C. App. ___, 777 S.E.2d 525, 528 (2015) (*Campbell II*). The court found "that the trial court committed no error in convicting defendant of breaking or entering a place of religious worship with intent to commit a larceny therein[,]" *id.* at ___, 777 S.E.2d at 534. After rejecting defendant's ineffective assistance of counsel claim, the court turned to defendant's contention that a fatal variance existed between the allegations in the indictment and the evidence at trial regarding who owned the sound equipment that was stolen.[1]

The Court of Appeals first observed that, because his trial counsel had failed

---

[1] As has already been discussed, defendant previously raised, and this Court rejected, a different challenge to the larceny indictment, to wit: whether that indictment sufficiently alleged ownership in a legal entity capable of owning property. For clarity, we refer to the current challenge to the larceny indictment as the "fatal variance" issue or argument.

to raise the fatal variance issue in the trial court, defendant sought review under North Carolina Rule of Appellate Procedure 2. *Id.* at ___, 777 S.E.2d at 530. Ordinarily, "to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1). Nevertheless, "[t]o prevent manifest injustice to a party . . . either court of the appellate division may . . . suspend or vary the requirements or provisions of any of [the appellate] rules in a case pending before it." *Id.* at R. 2. The court in *Campbell II* noted that a previous panel of that court had "invoked Rule 2 to review a similar fatal variance argument and held that this type of error is 'sufficiently serious to justify the exercise of our authority under [Rule 2].'" *Campbell*, ___ N.C. App. at ___, 777 S.E.2d at 530 (alteration in original) (quoting *State v. Gayton – Barbosa*, 197 N.C. App. 129, 134, 676 S.E.2d 586, 590 (2009), *appeal denied sub nom. Gayton – Barbosa v. Sapper*, No. 5:10-HC - 2218 BO, 2012 WL 174 299 (E.D.N.C. Jan. 20. 2012)). Without further discussion or analysis regarding Rule 2, the court then addressed the merits of defendant's argument, determining that a fatal variance indeed existed between the indictment—which alleged the stolen sound equipment was owned by both the church and its pastor— and the evidence at trial—which showed that the equipment belonged to the church alone. *Id.* at ___, 777 S.E.2d at 534. Accordingly, the court vacated defendant's

larceny conviction.[2] The State again petitioned this Court for discretionary review, and on 9 June 2016, the State's petition was allowed "only as to whether the Court of Appeals erred in invoking Rule 2 of the North Carolina Rules of Appellate Procedure under the circumstances of this case." *See State v. Campbell*, 368 N.C. 904, 794 S.E.2d 800 (2016).

As this Court has repeatedly stated, "Rule 2 relates to the residual power of our appellate courts to consider, *in exceptional circumstances*, significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court *and only in such instances*." *Steingress v. Steingress*, 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999) (citing *Blumenthal v. Lynch*, 315 N.C. 571, 578, 340 S.E.2d 358, 362 (1986)) (emphases added); *see also Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008). This assessment—whether a particular case is one of the rare "instances" appropriate for Rule 2 review—must necessarily be made in light of the *specific circumstances of individual cases and parties*, such as whether "substantial rights of an appellant are affected." *State v. Hart*, 361 N.C. 309, 316, 644 S.E.2d 201, 205 (2007) (citing, *inter alia, State v. Sanders*, 312 N.C. 318, 320, 321 S.E.2d 836, 837 (1984) (per curiam) ("*In view of the gravity of the offenses for which defendant was tried and the penalty of death which was imposed*, we choose to exercise our supervisory powers under Rule 2 of the Rules

---

[2] In light of this result, the court did not address defendant's final two arguments of error in connection with the larceny conviction. *Id.* at ___, 777 S..2d at 534.

of Appellate Procedure and, in the interest of justice, vacate the judgments entered and order a new trial." (emphasis added)). In simple terms, precedent cannot create an automatic right to review via Rule 2. Instead, whether an appellant has demonstrated that his matter is the rare case meriting suspension of our appellate rules is always a discretionary determination to be made on a case-by-case basis.[3] *See Dogwood Dev. & Mgmt. Co.*, 362 N.C. at 196, 657 S.E.2d at 364; *Hart*, 361 N.C. at 315-17, 644 S.E.2d at 204-06; *Steingress*, 350 N.C. at 66, 511 S.E.2d at 299-300.

Here, the Court of Appeals did not reach the merits of defendant's fatal variance argument after an independent determination of whether the specific circumstances of defendant's case warranted invocation of Rule 2, but rather, based upon a belief that "this type of error" automatically entitles an appellant to review via Rule 2. *See Campbell*, ___ N.C. App. at ___, 777 S.E.2d at 530. The court thus acted under the erroneous belief that, because defendant presented a fatal variance argument, the court lacked the ability to act otherwise than to reach the merits of defendant's contention. In doing so, the lower court failed to recognize its discretion to refrain from undertaking such a review if it so chose. Because the Court of Appeals proceeded under this misapprehension of law, it failed to exercise the discretion

---

[3] Notably, the Court of Appeals panel in *Gayton–Barbosa*, the case cited by the *Campbell II* panel, employed exactly such an individualized analysis in deciding to invoke Rule 2. *Gayton–Barbosa*, 197 N.C. App. 129, 135 & n.4, 676 S.E.2d 586, 590 & n.4 (discussing the specific circumstances and then determining that, "*given the peculiar facts of this case*, it is appropriate to address [the] defendant's variance-based challenge on the merits"(emphasis added)).

inherent in the "residual power of our appellate courts." *See Steingress*, 350 N.C. at 66, 511 S.E.2d at 299-300.

Accordingly, we reverse and remand this case to the Court of Appeals so that it may independently and expressly determine whether, on the facts and under the circumstances of this specific case, to exercise its discretion to employ Rule 2 of the North Carolina Rules of Appellate Procedure, suspend Rule 10(a)(1), and consider the merits of defendant's fatal variance argument. The remaining issue addressed by the Court of Appeals is not before this Court, and that court's decision as to that matter remains undisturbed.

REVERSED and REMANDED.