IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-116

 No. 233A20

 Filed 24 September 2021

 STATE OF NORTH CAROLINA

 v.
 JOHNATHAN RICKS

 Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of

 the Court of Appeals, 271 N.C. App. 348, 843 S.E.2d 652 (2020), finding no error in

 part and vacating in part a judgment entered on 17 January 2019 by Judge Claire V.

 Hill in Superior Court, Harnett County. Heard in the Supreme Court on 26 April

 2021.

 Joshua H. Stein, Attorney General, by Teresa M. Postell, Assistant Attorney
 General, for the State-appellant.

 Kimberly P. Hoppin for defendant-appellee.

 NEWBY, Chief Justice.

¶1 In this case we decide whether the Court of Appeals erred by allowing

 defendant’s petition for writ of certiorari and invoking Rule 2 to review defendant’s

 unpreserved challenge to the trial court’s orders imposing lifetime satellite-based

 monitoring (SBM). The North Carolina Rules of Appellate Procedure require that a

 party seeking appellate review of an SBM order make an objection before the trial

 court and file a written notice of appeal. A writ of certiorari and invocation of Rule 2
 STATE V. RICKS

 2021-NCSC-116

 Opinion of the Court

 cannot be used to circumvent the Rules of Appellate Procedure. Rather, an appellate

 court may only consider certiorari when the petition shows merit, meaning that the

 trial court probably committed error at the hearing. Further, an appellate court may

 only invoke Rule 2 when injustice appears manifest to the court or when the case

 presents significant issues of importance in the public interest. Here the Rules of

 Appellate Procedure bar defendant’s appeal. Defendant failed to demonstrate any

 manifest injustice sufficient to warrant invoking Rule 2, and his petition to the Court

 of Appeals showed no merit. Therefore, the Court of Appeals abused its discretion

 when it allowed defendant’s petition for writ of certiorari and invoked Rule 2 to review

 the SBM orders. Accordingly, we reverse the Court of Appeals’ decision vacating the

 trial court’s orders imposing SBM.

¶2 On 17 January 2019, a jury convicted defendant of three counts of statutory

 rape of a child by an adult, two counts of statutory sex offense with a child, and three

 counts of taking indecent liberties with a child. Directly after sentencing in the

 criminal case, the trial court conducted a civil hearing to address SBM and found that

 defendant’s convictions were reportable under N.C.G.S. § 14-208.6(4) (2019).1 The

 1 “When an offender is convicted of a reportable conviction as defined by [N.C.]G.S.

 [§] 14-208.6(4), . . . . the court shall determine whether the offender’s conviction places the
 offender in one of the categories described in [N.C.]G.S. [§] 14-208.40(a), and if so, shall make
 a finding of fact of that determination, specifying whether (i) the offender has been classified
 as a sexually violent predator pursuant to [N.C.]G.S. [§] 14-208.20, (ii) the offender is a
 recidivist, (iii) the conviction offense was an aggravated offense, (iv) the conviction offense
 STATE V. RICKS

 2021-NCSC-116

 Opinion of the Court

 trial court determined that all of defendant’s offenses were sexually violent and

 involved the physical, mental, or sexual abuse of a minor. The trial court also found

 that the statutory rape and statutory sex offense convictions were aggravated

 offenses. The trial court issued separate SBM orders for defendant’s various

 convictions. Based upon defendant’s indecent liberties convictions, the trial court

 ordered defendant to comply with the sex offender registry for thirty years upon his

 release from prison and, following a risk assessment, to return to the trial court for a

 later determination on SBM.2 Additionally, based upon defendant’s other convictions,

 which were aggravated offenses, the trial court ordered lifetime sex offender

 registration and SBM pursuant to N.C.G.S. § 14-208.40A(c) (2019).3

¶3 Though defendant gave oral notice of appeal from his criminal convictions, he

 made no objection to the imposition of SBM and never filed a written notice of appeal

 of the SBM orders. After filing the record in the Court of Appeals for his criminal

 appeal, defendant filed a petition for writ of certiorari seeking review of the SBM

 orders. The Court of Appeals unanimously held that defendant received a trial free

 was a violation of [N.C.]G.S. [§] 14-27.23 or [N.C.]G.S. [§] 14-27.28, or (v) the offense involved
 the physical, mental, or sexual abuse of a minor.” N.C.G.S. § 14-208.40A(a)–(b) (2019).
 2 “If the court finds that the offender committed an offense that involved the physical,

 mental, or sexual abuse of a minor, . . . the court shall order that the Division of Adult
 Correction do a risk assessment . . . . and report the results to the court.” N.C.G.S.
 § 14-208.40A(d).
 3 “If the court finds that the offender . . . has committed an aggravated offense, . . . the

 court shall order the offender to enroll in [lifetime SBM].” N.C.G.S. § 14-208.40A(c).
 STATE V. RICKS

 2021-NCSC-116

 Opinion of the Court

 from prejudicial error. State v. Ricks, 271 N.C. App. 348, 364, 843 S.E.2d 652, 665

 (2020). It reached a divided decision, however, on the SBM issue. Id. Despite

 defendant’s fatal procedural errors, the Court of Appeals relied upon this Court’s

 decision in State v. Bursell, 372 N.C. 196, 827 S.E.2d 302 (2019), and reached the

 merits of defendant’s SBM challenge. Ricks, 271 N.C. App. at 361, 843 S.E.2d at 664.

 It did so by allowing defendant’s petition for writ of certiorari and invoking Rule 2 of

 the North Carolina Rules of Appellate Procedure. Id. at 358, 843 S.E.2d at 662. The

 Court of Appeals then held that the trial court failed to conduct a reasonableness

 hearing pursuant to this Court’s decision in State v. Grady, 372 N.C. 509, 831 S.E.2d

 542 (2019), and vacated the SBM orders without prejudice. Ricks, 271 N.C. App. at

 364, 843 S.E.2d at 665.

¶4 The dissent, however, would not have allowed defendant’s petition for writ of

 certiorari because “[d]efendant ha[d] not demonstrated any prejudice to merit

 issuance of the writ.” Id. at 368, 843 S.E.2d at 668 (Tyson, J., concurring in the result

 in part and dissenting in part) (citing State v. Grundler, 251 N.C. 177, 189, 111 S.E.2d

 1, 9 (1959)). Further, the dissent would have refused to invoke Rule 2 because

 defendant failed to show he is any “different from other defendants who failed to

 preserve their constitutional arguments in the trial court, and because he ha[d] not

 argued any specific facts that demonstrate manifest injustice.” Ricks, 271 N.C. App.

 at 366, 843 S.E.2d at 666 (quoting State v. Bishop, 255 N.C. App. 767, 770, 805 S.E.2d
 STATE V. RICKS

 2021-NCSC-116

 Opinion of the Court

 367, 370 (2017)). According to the dissent, the trial court’s imposition of SBM did not

 demonstrate manifest injustice because (1) “[d]efendant’s status does not fall within

 the category of defendants at issue in Grady . . . , that is, recidivists who have

 completed their sentence and are no longer under any State supervision”; (2)

 defendant’s convictions “were reportable convictions pursuant to N.C.[G.S.]

 § 14-208.6”; (3) “[d]efendant’s convictions of statutory rape of a child by an adult and

 statutory sex offense are sexually violent and aggravated offenses involving the

 sexual abuse of a minor”; and (4) N.C.G.S. § 14-208.40A(c), which has “withstood and

 survived constitutional scrutiny,” requires “defendants convicted of sexually violent

 offenses or aggravated offenses to be subject to [SBM].” Ricks, 271 N.C. App. at 367,

 843 S.E.2d at 667. As such, the dissent noted that “[d]efendant’s failure to appeal

 from or to preserve his purported challenge to his SBM order[s] on constitutional

 grounds mandates dismissal.” Id. at 369, 843 S.E.2d at 668. The State appealed to

 this Court based upon the dissenting opinion at the Court of Appeals.

¶5 We review the Court of Appeals’ decision to allow a petition for writ of certiorari

 and invoke Rule 2 for an abuse of discretion. Bursell, 372 N.C. at 201, 827 S.E.2d at

 306; see Grundler, 251 N.C. at 189, 111 S.E.2d at 9 (holding that certiorari is a

 discretionary writ). A party seeking appellate review of a trial court order in a civil

 proceeding must make a timely objection and file a notice of appeal. “In order to

 preserve an issue for appellate review, a party must have presented to the trial court
 STATE V. RICKS

 2021-NCSC-116

 Opinion of the Court

 a timely . . . objection . . . .” N.C. R. App. P. 10(a)(1). “It is well settled that an error,

 even one of constitutional magnitude, that [the] defendant does not bring to the trial

 court’s attention is waived and will not be considered on appeal.” Bursell, 372 N.C. at

 199, 827 S.E.2d at 305 (quoting State v. Bell, 359 N.C. 1, 28, 603 S.E.2d 93, 112

 (2004)). Rule 2 allows an appellate court to suspend the Rules of Appellate Procedure

 and reach the merits of an unpreserved issue “in a case pending before [the court].”

 N.C. R. App. P. 2. An appellate court, however, may only invoke Rule 2 “in exceptional

 circumstances” when “injustice . . . appears manifest to the [c]ourt” or when the case

 presents “significant issues of importance in the public interest.” State v. Hart, 361

 N.C. 309, 315–16, 644 S.E.2d 201, 205 (2007) (quoting Steingress v. Steingress, 350

 N.C. 64, 66, 511 S.E.2d 298, 299–300 (1999)). Notably, “precedent cannot create an

 automatic right to review via Rule 2.” State v. Campbell, 369 N.C. 599, 603, 799

 S.E.2d 600, 603 (2017). “[W]hether an appellant has demonstrated that his matter is

 the rare case meriting suspension of our appellate rules,” rather, “is always a

 discretionary determination to be made on a case-by-case basis.” Id.

¶6 Further, a party appealing an order “rendered in a civil action” must “fil[e]

 notice of appeal with the clerk of superior court and serv[e] copies thereof upon all

 other parties” in a timely manner. N.C. R. App. P. 3(a). The Court of Appeals thus

 does not have jurisdiction to review a trial court’s SBM order unless the party seeking

 review complies with Rule 3(a) by filing a written notice of appeal. See State v.
 STATE V. RICKS

 2021-NCSC-116

 Opinion of the Court

 Bowditch, 364 N.C. 335, 352, 700 S.E.2d 1, 13 (2010) (stating that the SBM program

 is a “civil, regulatory scheme”); Crowell Constructors, Inc. v. State ex rel. Cobey, 328

 N.C. 563, 563–64, 402 S.E.2d 407, 408 (1991) (holding that when “the record does not

 contain a notice of appeal in compliance with Rule 3, the Court of Appeals ha[s] no

 jurisdiction of the appeal”). Though the Court of Appeals may issue a writ of certiorari

 to review a trial court’s order “when the right to prosecute an appeal has been lost by

 failure to take timely action,” N.C. R. App. P. 21(a)(1), the petition must show “merit

 or that error was probably committed below,” Grundler, 251 N.C. at 189, 111 S.E.2d

 at 9 (citing In re Snelgrove, 208 N.C. 670, 672, 182 S.E. 335, 336 (1935)). “A writ of

 certiorari is not intended as a substitute for a notice of appeal” because such a practice

 would “render meaningless the rules governing the time and manner of noticing

 appeals.” Bishop, 255 N.C. App. at 769, 805 S.E.2d at 369.

¶7 The Court of Appeals majority relied upon our decision in Bursell, but that case

 is distinguishable. There the defendant filed a timely notice of appeal challenging the

 trial court’s imposition of lifetime SBM on Fourth Amendment grounds. Bursell, 372

 N.C. at 198, 827 S.E.2d at 304. The defendant, however, had failed to properly object

 to the SBM order and thus did not preserve his ability to raise that issue on appeal.

 Id. at 200, 827 S.E.2d at 305. The Court of Appeals invoked Rule 2 to review the

 defendant’s unpreserved argument. Id. This Court recognized that the Court of

 Appeals examined the specific circumstances of that individual case:
 STATE V. RICKS

 2021-NCSC-116

 Opinion of the Court

 The Court of Appeals first noted that a constitutional right,
 such as the Fourth Amendment right implicated here, is a
 substantial right. The Court of Appeals deemed the
 invocation of Rule 2 appropriate “when considering
 defendant’s young age, the particular factual bases
 underlying his pleas, and the nature of those offenses,
 combined with the State’s and the trial court’s failures to
 follow well-established precedent in applying for and
 imposing SBM, and the State’s concession of reversible
 Grady error.”

 Id. at 201, 827 S.E.2d at 306 (emphasis added) (quoting State v. Bursell, 258 N.C.

 App. 527, 533, 813 S.E.2d 463, 467 (2018)). This Court then held that “the Court of

 Appeals did not abuse its discretion by invoking Rule 2” because “the State concede[d]

 that the trial court committed error relating to a substantial right.” Bursell, 372 N.C.

 at 201, 827 S.E.2d at 306.

¶8 A case whose procedural posture is more aligned with the present case is

 Bishop. There the defendant failed to preserve for appeal his constitutional challenge

 to the imposition of SBM and failed to timely appeal the trial court’s SBM order.

 Bishop, 255 N.C. App. at 768, 805 S.E.2d at 369. The defendant then asked the Court

 of Appeals “to take two extraordinary steps to reach the merits, first by issuing a writ

 of certiorari to hear th[e] appeal, and then by invoking Rule 2 . . . to address [the]

 unpreserved constitutional argument.” Id. at 768–69, 805 S.E.2d at 369. The Court

 of Appeals held the defendant failed to show that his argument was “meritorious or

 that the trial court probably committed error.” Id. at 769, 805 S.E.2d at 369. The

 Court of Appeals declined to invoke Rule 2 because the defendant was “no different
 STATE V. RICKS

 2021-NCSC-116

 Opinion of the Court

 from other defendants who failed to preserve their constitutional arguments” and

 failed to argue “any specific facts” to demonstrate that invoking Rule 2 would prevent

 “manifest injustice.” Id. at 770, 805 S.E.2d at 370. The Court of Appeals then noted

 that the defendant could not prevail on his SBM challenge “without the use of Rule

 2.” Id. Thus, that court “decline[d] to issue a writ of certiorari to review th[e]

 unpreserved argument on direct appeal.” Id.

¶9 The question here is whether the Court of Appeals abused its discretion when

 it allowed defendant’s petition for writ of certiorari and invoked Rule 2 to reach the

 merits of defendant’s unpreserved challenge to the SBM orders. Notably, this Court’s

 decision in Bursell rested heavily upon the State’s concession that the trial court

 committed error. The State in the present case, however, has made no such

 concession. Further, unlike the defendant in Bursell, defendant here failed to give

 written notice of appeal pursuant to Rule 3(a). As such, the present case is

 distinguishable from Bursell.

¶ 10 Rather, like the defendant in Bishop, defendant here committed two fatal

 procedural errors and failed to show that a refusal to invoke Rule 2 would result in

 manifest injustice. The trial court appropriately followed N.C.G.S. § 14-208.40A(c) by

 ordering lifetime SBM due to defendant’s status as an aggravated offender. Absent

 an objection, the trial court was under no constitutional requirement to inquire into

 the reasonableness of imposing SBM. Defendant is no different from other defendants
 STATE V. RICKS

 2021-NCSC-116

 Opinion of the Court

 who failed to preserve their constitutional arguments. The Court of Appeals should

 have declined to invoke Rule 2.

¶ 11 Without the use of Rule 2, defendant’s challenge to the SBM orders is meritless

 as it is barred by Rule 10(a)(1). Defendant’s petition thus failed to show merit or that

 error was probably committed below. An invocation of Rule 2 and writ of certiorari

 cannot substitute for a timely objection and notice of appeal. By allowing defendant’s

 petition for writ of certiorari and invoking Rule 2 to review defendant’s challenge to

 the SBM orders, the Court of Appeals abused its discretion. Accordingly, we reverse

 the Court of Appeals’ decision to vacate the trial court’s orders imposing SBM.

 REVERSED.
 STATE V. RICKS

 2021-NCSC-116

 Hudson, J., dissenting

 Justice HUDSON dissenting.

¶ 12 There is no dispute that the Court of Appeals could only reach the merits of

 this case to determine whether the SBM order was constitutional as applied to

 defendant if it allowed defendant’s petition for a writ of certiorari and invoked Rule

 2, given defendant’s failure to properly object and file a written notice of appeal of the

 SBM order. The only question is whether the Court of Appeals’ choice both to allow

 defendant’s petition for a writ of certiorari and to invoke Rule 2 was an abuse of its

 discretion. Because I would hold that the Court of Appeals did not abuse its

 discretion, I respectfully dissent.

¶ 13 In order for the Court of Appeals to exercise its discretion to allow a writ of

 certiorari, “[a] petition for [a] writ [of certiorari] must show merit or that error was

 probably committed below.” State v. Grundler, 251 N.C. 177, 189 (1959). Likewise,

 Rule 2 may be “applied in the discretion of the Court . . . to consider, in exceptional

 circumstances, significant issues of importance in the public interest, or to prevent

 injustice which appears manifest to the Court.” Steingress v. Steingress, 350 N.C. 64,

 66 (1999) (citing Blumenthal v. Lynch, 315 N.C. 571, 578 (1986)). “[A] decision to

 invoke Rule 2 and suspend the appellate rules ‘is always a discretionary

 determination.’ ” State v. Bursell (Bursell II), 372 N.C. 196, 201 (2019) (quoting State

 v. Campbell, 369 N.C. 599, 603 (2017)). “A court should consider whether invoking
 STATE V. RICKS

 2021-NCSC-116

 Hudson, J., dissenting

 Rule 2 is appropriate in light of the specific circumstances of individual cases and

 parties, such as whether substantial rights of an appellant are affected.” Id. at 200

 (cleaned up) (quoting Campbell, 369 N.C. at 603).

¶ 14 Here, the Court of Appeals noted that defendant’s Fourth Amendment right

 implicated by the SBM order was a substantial right. State v. Ricks, 271 N.C. App.

 348, 360 (2020) (citing Bursell II, 372 N.C. at 201). The court also looked at the

 specific circumstances of the case and parties involved, noting that “[d]efendant here

 was convicted of three counts of statutory rape of a child, two counts of committing a

 statutory sex offense with a child, and three counts of taking indecent liberties with

 a child when he, at 21 years old, had sex with two 12-year-old girls,” that defendant

 had committed an aggravated offense, and that the State and trial court “had the

 benefit of even more guidance regarding the State’s burden” to show the

 reasonableness of imposing a lifetime SBM order “than in Bursell” itself. Id. In

 addition, the Court of Appeals noted that “the trial court . . . summarily concluded

 that SBM should be imposed, without making any findings regarding the

 reasonableness of the search and without any evidence from the State.” Id. Having

 considered these facts, the Court of Appeals determined in its discretion that it would

 invoke Rule 2 to reach the merits of this case to prevent the injustice that would be

 manifest if defendant were to be subjected to an unconstitutional lifetime SBM order.

 See id. at 361.
 STATE V. RICKS

 2021-NCSC-116

 Hudson, J., dissenting

¶ 15 In its analysis, the Court of Appeals tied its considerations to this Court’s

 analysis in Bursell II which affirmed the Court of Appeals’ invocation of Rule 2 in

 State v. Bursell (Bursell I), 258 N.C. App. 527 (2018), aff’d in part, rev’d in part, 372

 N.C. 196 (2019). Id. at 359. The majority here concludes that Bursell II is

 distinguishable from the facts of this case and determines that State v. Bishop, 255

 N.C. App. 767 (2017), is “more aligned with the present case.” But the Court of

 Appeals was very clear that, although the Bursell II analysis was “instructive,” the

 factors examined in Bursell II by our Court were “not determinative in the exercise

 of [its] discretion.”1 Id. It noted that the invocation of Rule 2 is a “discretionary and

 fact-specific” determination that “[can]not [be] applied mechanically.” Id. (citing State

 v. Campbell, 369 N.C. 599, 603 (2017)). Just as similarities to Bursell II do not “create

 an automatic right to review via Rule 2,” Campbell, 369 N.C. at 603, likewise

 differences between the cases do not automatically defeat the court’s ability to invoke

 Rule 2.2 The invocation of Rule 2 “is always a discretionary determination” to be made

 1 Indeed, the Court of Appeals acknowledged the same dissimilarity that my
 colleagues in the majority now emphasize to distinguish Bursell II from this case—that “[t]he
 State here has not, as it did in Bursell I, conceded that the trial court’s failure to conduct a
 hearing to determine the reasonableness of the search before imposing SBM constitutes
 error.” State v. Ricks, 271 N.C. App. 348, 361 (2020).
 2 For this reason, I find the majority’s comparison to State v. Bishop, 255 N.C. App.

 767, 770 (2017), no more persuasive than the Court of Appeals’ comparison to Bursell II.
 While other case law can certainly be helpful in guiding a court’s analysis and ensuring
 consistency in the exercise of discretion, the invocation of Rule 2 is a case-by-case
 determination which requires an appellate court to review the specific facts and
 circumstances presented in the case at bar. Comparison to the facts of other cases in the
 discretionary Rule 2 context is not dispositive.
 STATE V. RICKS

 2021-NCSC-116

 Hudson, J., dissenting

 on a case-by-case basis. Ricks, 271 N.C. App. at 359 (quoting Bursell II, 372 N.C. at

 201). I would conclude that the Court of Appeals here properly looked at the “specific

 circumstances of individual cases and parties” involved, Bursell II, 372 N.C. at 200,

 when it chose to exercise its discretion and invoke Rule 2.

¶ 16 My colleagues in the majority ultimately conclude that defendant “failed to

 show that a refusal to invoke Rule 2 would result in manifest injustice.” In reaching

 its conclusion that defendant has failed to show that the imposition of lifetime SBM

 would result in manifest injustice, the majority points to the holding from the Court

 of Appeals decision in Bishop that the majority states means “[a]bsent an objection,

 the trial court was under no constitutional requirement to inquire into the

 reasonableness of imposing [lifetime] SBM.” With all due respect, I note that the issue

 here is not whether the inquiry was required, but whether the Court of Appeals

 abused its discretion in deciding to address the issue at the time this case was heard

 in 2020. At best, the law in this area was developing very quickly, leading to a lack of

 clear guidance for practitioners.

¶ 17 At the time the Court of Appeals used its discretion to invoke Rule 2 in this

 case, our appellate law arguably required that a trial court conduct a Grady hearing

 to determine the constitutionality of ordering any defendant to enroll in the SBM

 program and the law required that the State bear the burden of proving the

 reasonableness under the Fourth Amendment of the SBM search. See, e.g., Grady v.
 STATE V. RICKS

 2021-NCSC-116

 Hudson, J., dissenting

North Carolina (Grady I), 575 U.S. 306, 310–11 (2015) (vacating the judgment of this

Court and remanding because “[t]he North Carolina courts did not examine whether

the State's monitoring program is reasonable” without creating subcategories of SBM

that might not require a Fourth Amendment search analysis); State v. Grady (Grady

II), 259 N.C. App. 664, 676 (2018) (“We reiterate the continued need for individualized

determinations of reasonableness at Grady hearings. . . . [T]he State failed to present

any evidence of its need to monitor defendant, or the procedures actually used to

conduct such monitoring in unsupervised cases. Therefore, the State failed to prove,

by a preponderance of the evidence, that lifetime SBM of defendant is a reasonable

search under the Fourth Amendment.”), aff’d as modified, State v. Grady (Grady III),

372 N.C. 509 (2019); State v. Griffin, 270 N.C. App. 98, 108–09 (2020) (“Our case law

is clear that the State has advanced legitimate interests in favor of SBM. . . . But, in

addition to showing valid objectives, the State bears the burden of proving the

reasonableness of a warrantless search which, in the context of SBM, includes the

burden of coming forward with some evidence that its SBM program assists in

apprehending sex offenders, deters or prevents new sex offenses, or otherwise

protects the public. The State’s failure to produce any evidence in this regard weighs

heavily against a conclusion of reasonableness.” (cleaned up) (quoting Grady III, 372

N.C. at 543–44)), review allowed, writ allowed, 854 S.E.2d 586 (N.C. Mar. 10, 2021);

State v. Gordon (Gordon I), 261 N.C. App. 247, 257 (2018) (“[T]he State has failed to
 STATE V. RICKS

 2021-NCSC-116

 Hudson, J., dissenting

 meet its burden of showing that the implementation of [SBM] of this Defendant will

 be reasonable . . . .”); State v. Greene, 255 N.C. App. 780, 782 (2017) (“North Carolina

 courts must first examine whether the State’s monitoring program is reasonable—

 when properly viewed as a search—before subjecting a defendant to its enrollment.

 This reasonableness inquiry requires the court to analyze the totality of the

 circumstances, including the nature and purpose of the search and the extent to

 which the search intrudes upon reasonable privacy expectations.” (cleaned up)

 (quoting Grady I, 575 U.S. at 310)).

¶ 18 At the Court of Appeals, the State argued that our Court’s decision in Grady

 III did not apply to this case because defendant did not fall within the category of

 defendants at issue in Grady III, namely: recidivists who have completed their

 sentence and are no longer under State supervision. The Court of Appeals explained

 in its opinion that it had already rejected this argument in Griffin where it concluded

 that although the Grady III analysis “[did] not compel the result we must reach in

 this case, its reasonableness analysis does provide us with a roadmap to get there.”

 Ricks, 271 N.C. App. at 361 (quoting Griffin, 270 N.C. App. at 106). Thus, at the time

 the Court of Appeals exercised its discretion to invoke Rule 2, the law arguably

 required that the State present evidence of reasonableness and that the trial court

 make findings of reasonableness to order lifetime SBM for defendants classified as
 STATE V. RICKS

 2021-NCSC-116

 Hudson, J., dissenting

 aggravated offenders.3

¶ 19 In State v. Hilton, published on the same day as this opinion, the same majority

 of the Court comprised here seeks to clarify the applicability of Grady III to

 aggravated offenders by categorically holding—incorrectly, I believe—that “searches

 effected by the imposition of lifetime SBM upon aggravated offenders are

 reasonable.” State v. Hilton, ___ N.C. ___, ___, 2021-NCSC-115, ¶ 4.

 The Hilton dissent, which I join fully, emphasizes why this holding improperly

 disregards this Court’s recent precedent in Grady III (which held that “the extent of

 a problem justifying the need for a warrantless search cannot simply be assumed,

 instead, the existence of the problem and the efficacy of the solution need to be

 demonstrated by the government,” 372 N.C. at 540) and strays beyond the specific

 facts of the case to create a broader rule than those facts required. See Hilton, ___

 N.C. at ___, 2021-NCSC-115, ¶¶ 68–80 (Earls, J., dissenting). Because Hilton was not

 precedent when the Court of Appeals decided this case, though, it could not impact

 the reasoning of that court below in invoking Rule 2, and therefore cannot influence

 3 Besides Griffin, on which the Court of Appeals here expressly relied, in three other

 cases decided since Grady III and prior to this one, the Court of Appeals applied Grady III to
 hold an SBM order was an unconstitutional search and in one case vacated and remanded
 the order to the trial court for a hearing on the reasonableness of the search under the Fourth
 Amendment. See State v. Hilton, ___ N.C. ___, ___, 2021-NCSC-115 (Appendix) (Earls, J.,
 dissenting) (collecting cases). Although not binding on this Court, this precedent
 demonstrates both the reasonableness of the Court of Appeals’ exercise of its discretion and
 the likelihood of error or manifest injustice to the defendant here absent further review under
 Rule 2.
 STATE V. RICKS

 2021-NCSC-116

 Hudson, J., dissenting

 our sole consideration here: whether, based on the precedent available at that time,

 the Court of Appeals abused its discretion in doing so.

¶ 20 Given the state of the law at the time, I cannot conclude that the Court of

 Appeals abused its discretion when it invoked Rule 2 to reach the merits of this case

 where there was no hearing regarding the constitutionality of lifetime SBM and the

 trial court imposed lifetime SBM—a never-ending warrantless search—without any

 argument from the parties or evidence from the State.

¶ 21 I would hold that the Court of Appeals did not abuse its discretion when it

 concluded that defendant had a meritorious claim and allowed defendant’s petition

 for a writ of certiorari. Likewise, I would hold that the Court of Appeals did not abuse

 its discretion when it concluded that invoking Rule 2 would prevent manifest

 injustice. Accordingly, I respectfully dissent.

 Justices ERVIN and EARLS join in this dissenting opinion.