IN THE SUPREME COURT OF NORTH CAROLINA

No. 69A22

Filed 16 June 2023

ERIC MILLER

v.

LG CHEM, LTD., LG CHEM AMERICA, INC., FOGGY BOTTOM VAPES, LLC, CHAD & JACLYNN DABBS d/b/a SWEET TEA'S VAPE LOUNGE, DOE DEFENDANTS 1-10

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 281 N.C. App. 531 (2022), affirming an order entered on 20 April 2020 by Judge Michael J. O'Foghludha in Superior Court, Durham County. Heard in the Supreme Court on 25 April 2023.

*Gupta Wessler PLLC, by Deepak Gupta, pro hac vice, and Robert D. Friedman, pro hac vice; and The Paynter Law Firm PLLC, by Sara Willingham, Stuart M. Paynter, Celeste H.G. Boyd, and David D. Larson Jr., for plaintiff-appellant.*

*Lewis Brisbois Bisgaard & Smith LLP, by Christopher J. Derrenbacher and Wendy S. Dowse, pro hac vice, for defendants-appellees LG Chem, Ltd. and LG Chem America, Inc.*

*Abrams & Abrams, P.A., by Noah Abrams; Miller Law Group, by W. Stacy Miller II; and Schwaba Law Firm, by Andrew J. Schwaba for North Carolina Advocates for Justice, amicus curiae.*

PER CURIAM.

Plaintiff Eric Miller appealed from a divided decision of the Court of Appeals which affirmed the trial court's order dismissing plaintiff's claims against Defendants LG Chem, Ltd. and LG Chem America, Inc. for lack of personal jurisdiction.

The trial court entered that dismissal order without ruling on plaintiff's motions to compel. Those motions sought responses to multiple discovery requests concerning the LG defendants' contacts with North Carolina.

On this issue, the Court of Appeals majority held that plaintiff "did not allege facts to support assertion of jurisdiction over LG Chem or LG America" and, therefore, further "jurisdictional discovery was not warranted." *Miller v. LG Chem, Ltd.*, 281 N.C. App. 531, 540 (2022). The dissent asserted that the court should "remand the matter to the trial court to consider whether further jurisdictional discovery is warranted" in light of *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021). *Miller*, 281 N.C. App. at 555 (Inman, J., dissenting).

The Supreme Court of the United States decided the *Ford* case after the trial court entered its order. The decision clarified the proper standard for the "relating to" prong of the specific personal jurisdiction analysis employed by the trial court in this case. *Ford*, 141 S. Ct. at 1026–28.

The decision to permit jurisdictional discovery is left to the sound discretion of the trial court. *Azure Dolphin, LLC v. Barton*, No. 16 CVS 7622, 2017 NCBC 88, ¶ 29 (N.C. Super. Ct. Oct. 2, 2017), *aff'd*, 371 N.C. 579 (2018). To engage in meaningful appellate review of this discretionary decision, we must be confident that the trial court applied the appropriate legal standard in the exercise of that discretion. *See, e.g., State v. Campbell*, 369 N.C. 599, 604 (2017). Because the trial court did not provide any reasons for the implied denial of plaintiff's requests for further

jurisdictional discovery, we cannot be certain that the court applied an analysis consistent with *Ford*. Moreover, it is possible that additional discovery would lead the trial court to make new or additional findings of fact that could bear on the court's jurisdictional analysis and our appellate review.

We therefore reverse the decision of the Court of Appeals and remand this matter to the Court of Appeals with instructions to vacate the trial court's order and remand to the trial court for reconsideration of the plaintiff's discovery motions in light of *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021) and this Court's recent precedent in *Schaeffer v. SingleCare Holdings, LLC*, 384 N.C. 102 (2023); *Toshiba Glob. Commerce Sols., Inc. v. Smart & Final Stores LLC*, 381 N.C. 692 (2022); and *Mucha v. Wagner*, 378 N.C. 167 (2021).

REVERSED AND REMANDED.