An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-1058

Filed 15 October 2025

Mecklenburg County, Nos. 22CR210606-590; 22CR210607-590; 22CR210610-590; 22CR210611-590; 22CR210612-590; 23CR002951-590

STATE OF NORTH CAROLINA

v.

RYELL CARLOS WOODARD, Defendant.

Appeal by Defendant from final judgment entered 11 October 2023 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 August 2025.

> *Attorney General Jeff Jackson by Assistant Attorney General, Benjamin David Busch, for the State.*
>
> *Office of the Public Defender by Assistant Public Defender, Julie Ramseur Lewis, for defendant-appellant.*

DILLON, Chief Judge.

Defendant Ryell Carlos Woodard appeals the judgment entered consistent with the jury's verdict convicting him of possession of a firearm by a felon.

On appeal, Defendant argues that N.C.G.S. § 14-451.1, the statute under which Defendant was convicted, is unconstitutional on its face or as applied to him.

We note that Defendant failed to make these constitutional arguments during his trial. Accordingly, he has failed to preserve these arguments. *See State v. Bursell*, 372 N.C. 196, 199 (2019) (constitutional arguments not made at trial are not preserved for appellate review). Rule 2 of our Rules of Appellate Procedure, though, permits us to consider Defendant's unpreserved arguments where review is necessary "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest." N.C. R. App. P. 2; *see State v. Radomski*, 294 N.C. App. 108, 112 (2024). However, our Supreme Court has instructed that Rule 2 may *only* be used in "exceptional circumstances." *State v. Campbell*, 369 N.C. 599, 603 (2017).

In determining whether to invoke Rule 2, as Defendant urges us to do, we note our Court has recently held the statute of which Defendant complains *is* constitutional. *See State v. Nanes*, 297 N.C. App. 863 (2025); *State v. Ducker*, 917 S.E.2d 266 (N.C. Ct. App. 2025). And we are bound by those holdings. *See In re Civil Penalty*, 324 N.C. 373, 384 (1989). Accordingly, based on binding authority, Defendant's arguments lack merit.

Accordingly, we conclude Defendant has failed to meet his burden to show why we should invoke Rule 2 of our Rules of Appellate Procedure to consider the constitutional arguments he raises on appeal. We, thus, hold that Defendant received a fair trial, free of reversible error.

NO ERROR.

Judges STROUD and GORE concur.

Report per Rule 30(e).