An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-531

Filed 21 January 2026

Guilford County, No. 23CR298358-400

STATE OF NORTH CAROLINA

v.

STEFFON DESHAN ROGER-STUBBS, Defendant.

Appeal by defendant from judgment entered 6 March 2024 by Judge Aaron Jay Berlin in Guilford County Superior Court. Heard in the Court of Appeals 12 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Micah C. Deveaux, for the State.*

> *The Cheston Firm, PLLC, by Damon Cheston, for defendant-appellant.*

PER CURIAM.

Defendant Steffon Roger-Stubbs appeals the judgment entered consistent with the jury's verdict convicting him of possession of a firearm by a felon. On appeal, Defendant argues that N.C.G.S. § 14-451.1 (2023), the statute under which Defendant was convicted, is unconstitutional on its face and as applied to him. Defendant, however, failed to make these constitutional arguments during his trial.

Accordingly, he has failed to preserve these arguments for appellate review. *See State v. Bursell*, 372 N.C. 196, 199 (2019) (holding that constitutional arguments not made at trial are not preserved for appellate review).

Rule 2 of our Rules of Appellate Procedure permits this Court to consider Defendant's unpreserved arguments where review is necessary "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest . . . ." N.C. R. App. P. 2; *see also State v. Radomski*, 294 N.C. App. 108, 112 (2024). Our Supreme Court has instructed that Rule 2, however, may only be used in "exceptional circumstances." *State v. Campbell*, 369 N.C. 599, 603 (2017).

In determining whether to invoke Rule 2, as Defendant urges us to do, we note this Court has recently held the statute about which Defendant complains is constitutional, both facially and as applied to nonviolent offenders. *See State v. Nanes*, 297 N.C. App. 863, 870 (2025); *State v. Ducker*, 298 N.C. App. 759, 770 (2025); *State v. Fernandez*, 256 N.C. App. 539, 547–48 (2017). We are bound by those holdings, *see In re Civil Penalty*, 324 N.C. 373, 384 (1989); thus, we conclude, based on binding authority, Defendant's arguments lack merit.

Accordingly, Defendant has failed to meet his burden to show why this Court should invoke Rule 2 of our Rules of Appellate Procedure to consider the constitutional arguments he raises on appeal, and thus we hold there was no error.

NO ERROR.

Panel consisting of Judges STROUD, FLOOD, and STADING.

Report per Rule 30(e).